Dear Mr. Nugent:
As coroner of Grant Parish, you have requested an Attorney General opinion addressing the following issue:
 Whether a police officer and/or State Trooper has the authority to supersede the Coroner and demand a blood sample be drawn for alcohol testing (via heart tap) after death is established?
Under LSA R.S. 32:661 (A)(2)(b), in all traffic fatalities, the coroner "shall" extract all blood substance samples necessary for screening. The coroner shall be responsible for ensuring the body is not removed from his custody until such extraction had been conducted. Additionally, despite the Louisiana State Police contention that Louisiana State Police exclusively control traffic fatality scenes, the language provided at the conclusion of LSA R.S. 32:662 suggests the investigating law enforcement agency conducts its investigation concurrently with the coroner, rather than the coroner concurrently with the law enforcement agency.
By reiterating the language of LSA R.S. 32:661 (A)(2)(b), LSA R.S.32:681 (C), adopted in 2006, reaffirms the role of the coroner as the mandatory extractor and screener of bodily fluid samples. Once again, the language suggests concurrent investigations by the coroner and the law enforcement agency.
Statutory language is the primary means of divining legislative intent. The language of the two statutes places exclusive initial control of the decedent in a traffic fatality with the coroner and mandates the coroner be responsible for *Page 2 
toxicology screening of the decedent's bodily fluids. Since both paragraphs discussed above state that neither statute should be construed to limit an investigating agency from conducting an investigation concurrent with the coroner, this office is of the opinion the language of LSA R.S. 32:661 (A)(2)(b) and LSA R.S. 32:681 (C) places primary control of a traffic fatality scene investigation with the coroner, rather than with the law enforcement agency.
In conclusion, neither a police officer nor a State Trooper supersedes the role of the Coroner, and the agencies may not require the Coroner to provide them with a blood sample following a traffic fatality. We hope the foregoing Opinion has adequately addressed your inquiry and has been of value and helpful.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________
 DAVID A. WEILBAECHER, JR.
 ASSISTANT ATTORNEY GENERAL
 DAW/rb/jy